UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DILWAR SINGH RAI,<br>Plaintiff,<br>v.<br>U.S. CUSTOMS AND IMMIGRATION SERVICES, et al.,<br>Defendants. | Case No. 1:26-cv-3576-JLT-FJS<br>ORDER GRANTING DEFENDANTS' REQUEST FOR A SIXTY (60) DAY EXTENSION OF TIME TO RESPOND TO THE COMPLAINT<br>(ECF No. 13) |

I. <u>BACKGROUND</u>

On May 11, 2026, Plaintiff Dilwar Singh Rai, proceeding pro se, commenced this action seeking adjudication of his I-485 application to adjust status. (ECF No. 1.)

On September 16, 2026, the parties stipulated to and requested a continuance of certain dates including the time for Defendants to file responsive pleadings. (ECF No. 10.) This status report advised the court that "[t]he agency has advised that it intends to issue a notice to Plaintiff regarding his Application in the next thirty days." (ECF No. 10.)

On September 21, 2026, this court granted the Parties' stipulation and ordered that Defendants file an answer or other responsive pleading in this case no later than October 16, 2026. (ECF No. 12.)

On October 16, 2026, Defendants U.S. Citizenship and Immigration Services, the Department of Homeland Security, the Department of Justice, and U.S. Customs and Immigration

Services National Benefit Center (collectively "Defendants") filed their request for a sixty (60) day extension of time to respond to the complaint pursuant to Fed. R. Civ. P. 6(b)(1)(A) and Local Rule 233[1]. (*See generally* ECF No. 13.) Defendants aver that Plaintiff has until November 16, 2026, to provide evidence necessary for the adjudication of his I-485 visa petition. (ECF No. 13 at 2; *see also* ECF No. 13-1 at 1.) Upon receipt of the evidence, Defendants anticipate the need for follow-up inquiries and additional time to review the petition. (*Id.*) Defendants argue that a sixty-day extension of time for Defendants to respond to the complaint (ECF No. 1) will conserve judicial resources and allow the Parties further time to meet and confer. (*Id.*)

As of the date of this order, Plaintiff has neither filed an opposition or supporting statement to Defendants' request (ECF No. 13). Yet Defendants provide that Plaintiff consented[2] to Defendants' request for an extension of time during an October 16, 2026, phone call. (ECF No. 13-1 at 2 ("During the last phone call, a woman who spoke good English translated for me and I understood that Plaintiff would respond to my emails and agree to the sixty-day stipulation I had sent.").)

The court now proceeds to a discussion of the pending request for an extension of time.

## II. LEGAL STANDARD

Local Rule 144(a) provides for the filing of initial stipulations for extensions of time for "no more than twenty-eight (28) days to respond to a complaint, cross-claim or counterclaim, or to respond to interrogatories, requests for admissions, or requests for production of documents," and may be filed without court approval. Local Rule 144(a) also provides that aside from these certain express initial extensions, "[a]ll other extensions of time must be approved by the [c]ourt." Local Rule 144(c) provides that the court may, in its discretion, grant an initial ex parte extension

[1] Defendants' reliance on Local Rule 233 is misplaced. See L.R. 233 (governing motions for administrative relief). Because Defendants are seeking an extension of time in which to respond to the complaint, Local Rule 144 governs. *See* L.R. 144 (titled "extending and shortening time").

[2] Moreover, Defendants' document is presented as a stipulation but does not include a signature from Plaintiff. *See* L.R. 143(a) ("stipulations shall be in writing, signed by all attorneys or pro se parties who have appeared in the action and are affected by the stipulation"). Accordingly, the court declines to treat Defendants' request as a stipulation for an extension of time pursuant to Local Rule 144(a). *See* L.R. 144(a). Accordingly, the court will, instead, construe Defendants' filing (ECF No. 13) as a motion for extension of time pursuant to Local Rule 144.

"upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary." L.R. 144(c). Except for one initial extension, such "applications for extension of time are not ordinarily granted." L.R. 144(c). Further, "[c]ounsel shall seek to obtain a necessary extension from the [c]ourt or from other counsel or parties in an action as soon as the need for an extension becomes apparent." L.R. 144(d).

III. DISCUSSION

In the Eastern District of California, "[r]equests for [c]ourt-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." L.R. 144(d). Instead, this court's local rules require counsel to "seek to obtain a necessary extension from the [c]ourt or from other counsel or parties in an action as soon as the need for an extension becomes apparent." *Id*.

Here, Defendant U.S. Customs and Immigration Services presumably determined that a request for extension of time was necessary on or about October 15, 2026, when it issued a request for evidence to Plaintiff. (ECF No. 13-1 at 1.) Between October 15, 2026, and October 16, 2026, it appears that Counsel for Defendants, Ms. Catherine Swann, engaged in at least four email correspondences and two phone calls with Plaintiff to obtain a signed stipulation for Defendants' request for a sixty-day extension of time. (*See id.* at 1-2.) Plaintiff's signature is not affixed to the pending request. (*See generally* ECF No. 13.)

Even though "requests for court approved extension of time brought on the required filing date for the pleading are looked upon with disfavor[,]" the court appreciates Defendants' efforts to meet and confer with Plaintiff and to continue adjudicating the visa petition underlying Plaintiff's request for mandamus relief. L.R. 144(d). Because the final adjudication of Plaintiff's I-485 has the potential to moot aspects of Plaintiff's complaint, the court, in the interest of judicial economy, finds it appropriate to extend the time for Defendants to respond to the complaint.

## IV. CONCLUSION AND ORDER

For the reasons stated above, and good cause appearing, the court HEREBY ORDERS that Defendants SHALL have up to and including December 15, 2026, to respond to Plaintiff's complaint (ECF No. 1).

IT IS SO ORDERED.

Dated: **October 23, 2026**

UNITED STATES MAGISTRATE JUDGE